JUSTICE WECHT, Concurring
I agree that all six of Tyrice Griffin's convictions constitute "crimes of violence" under Subsection 9714(g) of the Sentencing Code. See 42 Pa.C.S. § 9714(g). I also agree that, per this Court's decision in Commonwealth v. Fields , 630 Pa. 625, 107 A.3d 738 (2014), the trial court correctly imposed a mandatory minimum sentence for each of Griffin's convictions. Thus, I join the learned Majority in full. I write separately to offer another reason that Griffin's interpretation of Subsection 9714(g) is untenable.
Subsection 9714(a)(1) of the Sentencing Code (the so-called "second-strike provision" at issue here) mandates that repeat perpetrators of certain enumerated violent crimes are subject to a ten-year mandatory minimum sentence:
Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.
42 Pa.C.S. § 9714(a)(1).
In the same section of the Sentencing Code, the General Assembly defined the term "crime of violence" as follows:
*835 As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.
42 Pa.C.S. § 9714(g).
Griffin concedes that robbery is a crime of violence, and further concedes that conspiracy to commit robbery, standing alone, would therefore be a crime of violence as well. His only argument is that conspiracy to commit robbery is not a crime of violence when the conspirator also has committed the underlying robbery that was the object of the conspiracy. Thus, Griffin argues, he should have received three (but not six) mandatory minimum sentences-one for each of his three conspiracy/robbery conviction combinations.
Griffin's argument is rooted in the text of Subsection 9714(g), which says that "the term 'crime of violence' means" robbery or conspiracy to commit robbery-which Griffin understands to mean either robbery or conspiracy to commit robbery, but not both . The Majority skillfully explains why Griffin's interpretation is strained and counterintuitive. See Maj. Op. at 833-34. In short, Griffin's reading of the statute bases too much upon far too little. Subsection 9714(g) is simply a list of crimes that the General Assembly has classified as violent. Nothing in the statute suggests that the General Assembly anticipated some offenses being "crimes of violence" when committed alone, only to be transformed into nonviolent crimes when committed along with some other offense. The inquiry here is simple: Is the crime one of those listed in the definition of "crime of violence"? If so, it is a crime of violence. Otherwise, it is not. See Fields , 107 A.3d at 743 ("[T]he sentence enhancement is required so long as the defendant meets two prerequisites: he previously committed a crime of violence, and his current offense is a crime of violence.").
*836 But assume for a second that Griffin is correct that the "ordinary meaning" of the word "or" is "one or the other, but not both."[1] See Brief for Griffin at 14. In that case, Subsection 9714(g) would tell us that the term crime of violence "means" robbery or conspiracy to commit robbery, but not both robbery and conspiracy to commit robbery. If we then insert that definition into the operative provision of the statute, Subsection 9714(a)(1), it now tells us that:
Any person who is convicted in any court of this Commonwealth of [robbery or conspiracy to commit robbery, but not both robbery and conspiracy to commit robbery] shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]
42 Pa.C.S. § 9714(a)(1).
As shown above, the consequence of Griffin's one-but-not-both theory is that those who conspire to commit robberies (but do not follow through) and those who commit robberies (without conspiring) are subject to the second-strike enhancement, while defendants like Griffin, who commit and conspire to commit robbery, are not subject to the enhancement at all. In other words, Griffin's own interpretation is inconsistent with his concession that he is subject to three mandatory minimum sentences.
The flaw in Griffin's analysis, as the Majority implies, see Maj. Op at 833, is that he focuses exclusively on Subsection 9714(g)'s definition of "crime of violence" without considering how that definition fits into Subsection 9714(a)(1)'s overarching sentencing mandate. The Defender Association of Philadelphia makes the same error when it speculates that, if the General Assembly had wanted second-strike offenders to receive mandatory sentences for both the conspiracy and for the object of the conspiracy, then it would have appended the words "or both" after the phrase "or ... criminal conspiracy ... to commit ... any of the offenses listed above." See Brief for Amicus Defender Ass'n at 10-11. But that language would accomplish the opposite result. If the statute defined the term "crime of violence" to mean "robbery, conspiracy to commit robbery, or both ," then a person convicted of both robbery and conspiracy to commit robbery could be sentenced only for a single "crime of violence."
Perhaps Section 9714's structure, with its separate definitional provision, to some extent obscures the consequences that would result from Griffin's desired interpretation. But there are many sections throughout the Crimes Code that use the word "or" to distinguish between alternatives. For example, "[a] person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages[.]" 18 Pa.C.S. § 6308 (emphasis added). Would anyone seriously argue that the General Assembly, in prohibiting the underage consumption or transportation of alcohol, intended to allow the underage consumption and transportation of alcohol? Alternatively, would anyone construe a ban on underage consumption of "liquor or malt or brewed beverages" to permit the consumption of cocktails so long as they contain both liquor and beer?
*837 That is not a one-off example either. A person commits the offense of "illegal dumping of methamphetamine waste" if "he intentionally, knowingly or recklessly deposits, stores or disposes" of materials used to manufacture of methamphetamine. 18 Pa.C.S. § 3313 (emphasis added). And an institution commits the offense of "institutional hazing" if it "intentionally, knowingly or recklessly promotes or facilitates" certain prohibited activities. 18 Pa.C.S. § 2805 (emphasis added). The upshot is that Griffin's definition of the word "or" would wreak havoc on these and many other provisions of the Crimes Code. (Surely, the General Assembly did not intend for those who deposit and dispose of meth-lab waste to escape criminal punishment.)
Put simply, Griffin's interpretation of Subsection 9714(g) is a grammatically dubious and logically inconsistent effort to circumvent this Court's decision in Fields . Today's Majority correctly rejects it.

I respectfully differ with the majority's rationale, however, to the extent that it downplays the significance of Section 9714(g)'s definition of "crime of violence" to the operation of Section 9714(a)(1), see Majority opinion, at 833-34, in which the phrase "crime of violence" is integral. See 42 Pa.C.S. § 9714(a)(1).